**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4293**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

GREGORY J. ZIGLAR,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Senior District Judge. (4:19-cr-00030-HCM-DEM-1)

Submitted: October 8, 2021                 Decided: November 2, 2021

Before NIEMEYER, MOTZ, and FLOYD, Circuit Judges.

Dismissed and remanded with instructions by unpublished per curiam opinion.

Lawrence H. Woodward, Jr., RULOFF, SWAIN, HADDAD, MORECOCK, TALBERT & WOODWARD, P.C., Virginia Beach, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Brian J. Samuels, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gregory J. Ziglar appealed his criminal judgment. While his appeal was pending, Ziglar died. Ziglar's counsel filed a motion to dismiss the appeal. For the reasons that follow, we grant the motion to dismiss and remand to the district court with instructions.

In 2019, a federal grand jury returned a superseding indictment charging Ziglar with numerous offenses related to a multi-year home improvement loan fraud scheme. Following trial, a jury convicted Ziglar of eight counts of making a false statement to a financial institution, in violation of 18 U.S.C. § 1014; two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A; three counts of promotional money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and three counts of failure to file a tax return, in violation of 26 U.S.C. § 7203. The district court sentenced Ziglar to a total of 132 months' imprisonment and 5 years of supervised release. The district court also ordered Ziglar to pay a $1,375 special assessment and restitution in the total amount of $325,522. Ziglar timely appealed.

We have held that an appellant's death "pending appeal of a criminal conviction abates not only the appeal but all proceedings in the prosecution from its inception. In such a case, the appeal is dismissed and the cause remanded to the district court with instructions to vacate the judgment and to dismiss the indictment." *United States v. Dudley*, 739 F.2d 175, 176 (4th Cir. 1984) (citations and internal quotation marks omitted), *abrogated on other grounds by Nelson v. Colorado*, 137 S. Ct. 1249 (2017). The rule of abatement ab initio also applies to prevent the recovery of fines or other purely penal sanctions against the defendant's estate. *Id.* Further, in light of the Supreme Court's ruling in *Nelson*, 137

2

S. Ct. at 1252, 1255-58 (holding that state statutes requiring defendants whose convictions have been reversed or vacated to prove their innocence by clear and convincing evidence in order to obtain refund of costs, fees, and restitution paid pursuant to invalid convictions violated due process), the death of a defendant during the pendency of a direct appeal also requires abatement of orders of restitution and forfeiture, and any paid portion of a special assessment.

Accordingly, we grant Ziglar's counsel's motion to dismiss and dismiss the appeal as moot. We deny as moot Ziglar's motion seeking to file a pro se supplemental brief. We remand to the district court with instructions to vacate Ziglar's convictions and sentence, including the orders of restitution and special assessment, to refund any portion of the special assessment that has already been paid, and to dismiss the superseding indictment relating to the underlying convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED AND REMANDED WITH INSTRUCTIONS*